**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHELLE FELIX,

  Plaintiff - Appellant,

v.

CITY AND COUNTY OF DENVER,

  Defendant - Appellee.

No. 11-1165
(D.C. No. 1:08-CV-02228-MSK-KMT)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff and appellant, Michelle Felix, proceeding *pro se*, appeals the grant of summary judgment to defendants in her case alleging violations of Title VII, the Americans with Disabilities Act, and 42 U.S.C. § 1981. We affirm.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Ms. Felix began working for defendant, the City and County of Denver (hereafter the "City"), on April 13, 1998, as a Senior Social Caseworker. In July of 1998, she was involved in a work-related automobile accident, as a result of which she claims to have a 26% whole body impairment rating. Ms. Felix, who is of Haitian and African-American descent, received a medical discharge from her employment on November 21, 2007.

On September 26, 2006, Ms. Felix filed a complaint of race discrimination with the Career Service Authority, alleging that she had been denied the opportunity to transfer to another work unit, although white employees had been able to do so. Ms. Felix evidently did not like her supervisor, and endeavored to transfer so she could work under a different supervisor. The Career Service Authority conducted a hearing in December 2006, and on January 29, 2007, issued a finding of no discrimination.

On June 27, 2007, Ms. Felix filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").[1] The EEOC notified Ms. Felix of her right to sue on this charge on May 7, 2008. As a result, Ms. Felix had until August 5, 2008, to commence her lawsuit on the conduct raised in the charge.

---

[1]The day before, June 26, 2007, Ms. Felix left work under the Family Medical Leave Act, on the ground that depression, emotional distress and an exacerbation of her injuries resulting from the 1998 car injury rendered her unable to work.

She failed to do so. Rather, Ms. Felix filed a second charge of discrimination with the EEOC on November 16, 2007, claiming more instances of retaliatory harassment occurring after her June 27 charge. She subsequently received yet another notice of right to sue.

Ms. Felix filed the instant suit on October 14, 2008.[2] She asserted seven claims stemming from the treatment she claimed to have experienced following the adverse determination by the hearing officer on January 29, 2007. Ms. Felix alleges she was the victim of discrimination and retaliation following her unsuccessful complaint. As the district court stated:

> she contends that: (i) she was retaliated against for filing the complaint, in that she received negative comments in a performance evaluation in April 2007, an unjustified written warning in June 2007, and was harassed by her supervisors in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et. seq.;* (ii) she was discriminated against on the basis of her race and disability and retaliated against for filing a second complaint of discrimination in June 2007, in that her doctors requested that the [City] make certain reasonable accommodations of Ms. Felix's disabilities, and the [City] refused to do so, in violation of Title VII and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 1201 *et. seq.*; (iii) a claim of somewhat uncertain provenance, in that the [City] "caused [Ms. Felix] emotional and mental harm . . . when they discharged her from her employment" and "violated [her] 14th Amendment rights to the enjoyment of life, means of acquiring property and pursuing happiness," because Ms. Felix "was embarrassed in front of her peers," and "has been unable to find suitable employment because all prospective employers suspect that she may have a medical condition . . . on account of the fact that she received a medical discharge from the [City]; (iv) another claim somewhat similar to that described in

---

[2]She actually filed an initial complaint, followed by a Second Amended Complaint.

-3-

(iii) above, in that the [City] "violated [her] 14th Amendment rights: because "the [City] . . . refuse[s] to acknowledge their employees' disabilities so they won't have to accommodate them"; (v) the [City] violated 42 U.S.C. § 1981 and § 1983 by failing to follow "established Career Service Rules," including rules limiting the ability of the [City] to terminate employees for medical reasons, rules prohibiting discrimination on the basis of disability, rules requiring reasonable accommodation of disabled employees, and rules requiring investigation into complaints of harassment; (vi) a claim, apparently asserted pursuant to 42 U.S.C. § 1983, in that the [City] retaliated against Ms. Felix for her exercise of her First Amendment rights, insofar as she had reported to the Head of Denver's Human Services" that her supervisors' decisions "were putting [her] clients' lives at risk," and the [City] thereafter retaliated against her in the manner described above; and (vii) what appears to be a claim under 42 U.S.C. § 1983 that the [City] violated her Substantive and Procedural Due Process rights under the 14th Amendment by failing to adequately investigate and correctly adjudicate her complaints to the Career Service Authority.

Felix v. City and County of Denver, 729 F. Supp. 2d 1243, 1247-48 (D. Colo. 2010).

Ms. Felix ultimately filed a motion for summary judgment, and the City filed an identical motion. The district court granted the City's motion and denied Ms. Felix's motion, writing two lengthy and thorough opinions which carefully addressed each of Ms. Felix's many arguments.[3] We are unable to improve on these decisions, and affirm for substantially the reasons stated in the two published opinions by the district court.

---

[3]In its March 24, 2011 order, the district court granted in part Ms. Felix's "motion to alter or amend judgment per F.R.C.P. 59(e)", which the court construed as a motion for reconsideration of the court's prior order, dated July 28, 2010. The court reconsidered certain aspects of its prior order, but reached essentially the same conclusion, adverse to Ms. Felix.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of the City.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge